■ RYDER TRUCK RENTAL, INC., Respondent, v RICH PRODUCTS, INC., et al., Appellants and Third-Party Plaintiffs-Appellants, et al., Defendant. OLD REPUBLIC INSURANCE COMPANY, Third-Party Defendant-Respondent.—

On this record there is an issue of fact whether Rich or Ryder was the "renter" under the Tampa rental agreement. Rich and Hartford argue that the agreement refers to the "renter" as "RTR (Ryder Truck Rental) Buffalo, N.Y." Gerski, however, had no contact with anyone connected with Ryder in Buffalo. Rich and Hartford also rely on a truck rental agreement used by Ryder in Buffalo to bill Rich for the tractor. The agreement contained a check in a box marked "with liability." However, Ryder submits that the box was checked by mistake and that in any event the information provided on the form is for computer purposes only and does not constitute an agreement between Ryder and Rich. Nor can the question of coverage be resolved by examination of the billing invoices Ryder sent to Rich. Although these bills do not reflect an insurance adjustment, it apparently is Ryder's policy to bill in a lump sum without itemizing insurance costs. Ryder and Old Republic argue that, although the account billed to Ryder was greater than the amount specified in the rental agreement, the additional charge was for paperwork, not insurance coverage. In sum, on this record the issue of coverage cannot be decided as a matter of law and neither Rich and Hartford nor

Ryder and Old Republic is entitled to summary judgment. Accordingly, Supreme Court properly denied summary judgment to Rich and Hartford but erred in granting summary judgment to Ryder and Old Republic. (Appeal from order and judgment of Supreme Court, Erie County, Flaherty, J.—declaratory judgment.) Present—Callahan, J. P., Boomer, Green, Pine and Lawton, JJ.